UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JOHN BAJZATH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 3:10-cv-005-RLY-WGH |
| | ) | |
| SUPERIOR AG RESOURCES, | ) | |
| COOPERATIVE, INC., | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, John Bajzath ("Plaintiff"), is a former employee of Superior Ag Resources, Cooperative, Inc. ("Superior"). Plaintiff suffered a neck injury, and, following his return to work, he was told that there were no positions available for him given his permanent lifting restriction. Plaintiff thereafter brought the present lawsuit, alleging that Superior failed to accommodate his disability, discriminated against him on the basis of his disability, and retaliated against him for engaging in protected activity. Superior now moves for summary judgment. For the reasons set forth below, the court **GRANTS** Superior's motion.

**I.  Background**

Plaintiff worked for Superior as a feed mill operator. (Affidavit of John Bajzath ("Bajzath Aff.") ¶ 9). The primary duties of a feed mill operator are to make feed and take care of customers and their orders. (Deposition of John Bender ("Bender Dep.") at

5). A feed mill operator must have the ability to lift at least 50-55 pounds, as the position requires one to: (1) receive bulk and bagged products into inventory; (2) load bulk and bagged products into customers' vehicles; (3) handle, lift, and sell lawn care products; (4) perform seed cleaning that requires bagging, lifting and stacking of the product onto a pallet or manually loading the product into customers' vehicles; (5) maintain equipment requiring the exertion of more than 40 pounds of force to grease, lube, remove, and replace screens during the manufacturing process; (6) perform housekeeping duties which require the movement of objects of more than 50 pounds; receive monthly inventories that require re-stacking bags; and (6) engage in customer relations. (Deposition of John Bajzath ("Plaintiff Dep.") at 59, 98-99).

In August of 2008, Plaintiff was admitted to the hospital and diagnosed with pinched nerves in his neck. (*Id.* at 84-85). On September 10, 2008, Plaintiff had surgery on his neck, specifically a C5-6, C6-7 anterior cervical discectomy and fusion. (*Id.* at 69, 116). Plaintiff took a leave of absence and received short term disability payments for approximately five months. (*Id.*). On January 9, 2010, Plaintiff's surgeon released him to return to work with a permanent restriction on lifting more than 40 pounds. (Plaintiff Dep. Ex. 22).

The following day, Plaintiff gave his supervisor, Denny Sherman, the surgeon's note with the permanent restriction. (Plaintiff Dep. at 35-36). Sherman told Plaintiff that with a permanent restriction on lifting more than 40 pounds, Plaintiff would not be able to perform the duties of a feed mill operator. (*Id.* at 35-36). Plaintiff requested work

2

accommodations from Sherman and from General Manager John Bender, such as performing clerical duties, janitorial work, and driving a truck. (*Id.* at 36, 46-48, 52). There were no positions available that he was qualified for and that met his work restrictions. (*Id.* at 36 (testifying that there was no full time position for janitorial type work); *id.* at 48 (testifying that there were no open truck driver positions); *id.* at 52 (testifying that there were no open clerical positions and that he was not qualified to do that work in any event). *See also id.* at 52 ("Q: Were there any other positions that you were qualified for that were open that you believe that you could perform with your restrictions? A: No.").

In February 2009, Plaintiff applied for social security benefits. (*Id.* at 12). Plaintiff's application was approved in June of 2009, and his benefits were backdated to February of 2009. (*Id.* at 86-87).

## II. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving

party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Green v.Whiteco Indus., Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322)).

## III. Discussion

### A. ADA Claims

Title I of the ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined by the ADA to mean "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Plaintiff brings two claims under the ADA: failure to accommodate and disparate treatment. To state a prima facie case of disability discrimination, Plaintiff must show: "(1) that []he is disabled; (2) that []he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer took an adverse job action against h[im] because of h[is] disability or failed to make a

reasonable accommodation." *Stevens v. Illinois Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000) (citing 42 U.S.C. §§ 12111-12; *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996)).  The threshold issue is whether Plaintiff was disabled within the meaning of the Act.

> The ADA defines disability as:
>
> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment;  or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).  Plaintiff claims that he is disabled due to his lifting restriction, (Plaintiff Dep. at 11, 17), and appears to proceed under prong (B) above.

Plaintiff argues that his "record of impairment is easily proven by doctor's statements, the fact that he did have the surgery, and the doctor's release." (Plaintiff's Response at 9).  But to succeed under prong (B), Plaintiff must show more than his record of impairment.  "What § 12102(2)(B) requires is not simply a diagnosis, but a record reflecting the kind of impairment that would impose a substantial limitation on one or more of the plaintiff's major life activities." *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 510 n.7 (7th Cir. 1998) (citing 29 C.F.R. § 1630.2(k)).  Plaintiff makes no such showing.

Plaintiff also argues that Superior is "judicially estopped from arguing [Plaintiff] has no qualifying disability under the Americans with Disabilities Act" because the Social

5

Security Administration made a determination that Plaintiff is in fact disabled. (Plaintiff's Response at 9). Plaintiff's argument invokes the interplay between the ADA and the Social Security Act.

The ADA protects the employment rights of disabled people who can work, while the Social Security Act provides income to disabled people who are unable work. *Devine v. Bd. of Comm'rs of Elkart Co.,* 49 Fed. Appx. 57, 60 (7th Cir. 2002) (citing *Lee v. City of Salem*, 259 F.3d 667, 672 (7th Cir. 2001)). In applying for social security disability benefits, Plaintiff claimed that he was unable to work. (Plaintiff Dep. at 12-13; Plaintiff Dep. Ex. 5). However, in the present lawsuit, Plaintiff claims that he is capable of performing his position at Superior with or without a reasonable accommodation. To avoid summary judgment, Plaintiff must resolve this apparent inconsistency. *Devine*, 49 Fed. Appx. at 61. Plaintiff provides no explanation. Accordingly, Plaintiff's admission that he is unable to work negates an essential element of his ADA case – that he is a qualified individual with a disability who is able to perform the essential functions of his position with or without an accommodation. *Id*. Plaintiff's application for social security benefits forecloses his ADA claims.

For this, and for the reasons advanced by Superior, the court finds no genuine issue of material fact exists on Plaintiff's ADA claims. Accordingly, the court **GRANTS** Superior's motion with respect to those claims.

    **B.**    **Retaliation Claim**

Plaintiff voluntarily agreed to dismiss his retaliation claim because he failed to

include a retaliation claim in his EEOC charge. (Plaintiff Dep. at 57-58). Accordingly, the court **GRANTS** Superior's motion with respect to Plaintiff's retaliation cliam.

**IV.	Conclusion**

For the reasons set forth above, the court hereby **GRANTS** Defendant's Motion for Summary Judgment (Docket # 34).

**SO ORDERED** this  18th  day of March 2011.

```
                                    _____
                                    RICHARD L. YOUNG, CHIEF JUDGE
                                    United States District Court
                                    Southern District of Indiana
```

Electronic Copies to:

Carolyn Ann Clay
BINGHAM MCHALE LLP
cclay@binghammchale.com

Duane R. Denton
BINGHAM MCHALE LLP
rdenton@binghammchale.com

Terry A. White
OLSEN WHITE HAMBIDGE LLP
taw@thelawteam.net